**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3559

_____

STEVEN P. FLEMING,
                          Appellant

v.

SCRANTON, PA LACKAWANNA COUNTY;
MAYOR CHRISTOPHER DOHERTY;
CHIEF DANIEL DUFFY; JUDGE JOHN McCURRI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-11-cv-00386)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 8, 2012

Before:  SLOVITER, SMITH and GREENBERG, Circuit Judges

(Opinion filed:  February 9, 2012)

_____

OPINION

_____

PER CURIAM

On or about March 1, 2011, the Appellant, Steven P. Fleming, filed a pro se

complaint against defendants City of Scranton, Mayor Christopher A. Doherty, Chief

Daniel Duffy (the "Scranton Defendants"), and Judge John McCurri.  In the complaint,

Fleming set forth a number of incomprehensible allegations concerning his former job as an airline pilot and his incarceration for involvement with a cocaine trafficking ring in Scranton, Pennsylvania. Because the allegations in the complaint were unclear, the Magistrate Judge instructed Fleming to file an amended complaint.

On March 16, 2011, Fleming filed an amended complaint in which he explained that, when he was employed as a pilot, he refused to transport cocaine for the Scranton drug ring. As a result, a member of the drug ring made an anonymous phone call to the Federal Aviation Administration implicating him in the operation. Fleming further alleged that he had been denied legal counsel to represent him in the present lawsuit, that he suffered from hypothermia in prison because the prison's boilers were broken, and that Magistrate Judge Smyser was "dirty" and acted under a conflict of interest. Based on these allegations, Fleming sought relief pursuant to the following purported causes of action:

> For ruining my well earned career, lose wages, wrong full incarceration, cruel & unusual punishment, obstructions in justice, improper procedure and personal injury, like stress associated with displacement, lose of family support, obstructing discovery, homelessness, and for criminal contempt of Civil Rights, by being kept from the courts.

(Am. Compl. 2, Dist. Ct. Dkt # 6.)

The Scranton Defendants moved to dismiss the amended complaint on the ground that it failed to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Magistrate Judge agreed, finding that the amended complaint failed to allege that the named defendants were personally involved in trafficking cocaine or

2

ruining his career. Accordingly, the Magistrate Judge recommended that the District Court dismiss the amended complaint. By order entered July 14, 2011, the District Court adopted the Magistrate Judge's Report and Recommendation, overruled Fleming's objections, and dismissed the amended complaint. Fleming sought reconsideration but the District Court denied his request. This appeal followed.[1]

We will affirm the District Court's order dismissing the amended complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As the District Court explained, the amended complaint does not allege that any individual defendant was involved in violating Fleming's constitutional rights. Accordingly, it fails to state a plausible claim for relief.[2] See id. at 1950.

For these reasons, we will affirm the judgment of the District Court. Fleming's "Motion for Jury, for appointed counsel, Jury" is denied.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review when examining a motion to dismiss pursuant to Rule 12(b)(6). See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).

[2] Although Fleming does not specifically challenge the District Court's order denying his motion for reconsideration, we have reviewed that order and see no error in the District Court's reasoning. See generally Fed. R. Civ. P. 59(e).